UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOCELYN LEZIN, | |
| Petitioner, | Civ. No. 17-2473 (KM) |
| v. | |
| ORLANDO RODRIGUEZ, | OPINION |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Jocelyn Lezin, is an immigration detainee currently held at the Elizabeth Detention Center in Elizabeth, New Jersey. He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

## II. BACKGROUND

Mr. Lezin is a native and citizen of Haiti. He entered the United States in February 1988, and has resided here since that time, becoming a lawful permanent resident in 2000. Thereafter, between 2007 and 2008, Mr. Lezin was convicted twice in New Jersey of controlled-dangerous-substance offenses. On August 22, 2014, Mr. Lezin attempted to reenter the United States at John F. Kennedy International Airport. Customs and Border Protection ("CBP") deemed him inadmissible and issued him a notice to appear for an immigration hearing, but released Mr. Lezin on his own recognizance.

On July 30, 2015, Mr. Lezin conceded his removability before an immigration judge ("IJ"). Mr. Lezin failed to appear for a subsequent immigration hearing, and Department of

Homeland Security, Immigration and Customs Enforcement ("ICE") arrested him on May 19, 2016. Mr. Lezin has been in immigration detention since that time. An IJ ordered Mr. Lezin removed on April 14, 2017, and Mr. Lezin appealed this decision to the Board of Immigration Appeals ("BIA").

Meanwhile, on April 10, 2017, Mr. Lezin filed this habeas petition. He seeks an order granting his immediate release from immigration detention or, alternatively, directing that a bond hearing take place before an IJ. Respondent filed a response in opposition to the habeas petition, arguing that Mr. Lezin was not entitled to a bond hearing, because he was detained under 8 U.S.C. § 1225(b). Mr. Lezin has filed no reply.

On September 1, 2017, respondent notified the Court that the BIA had dismissed Mr. Lezin's appeal on August 15, 2017 and that Mr. Lezin had not filed a petition for review by the United States Court of Appeals for the Third Circuit. Respondent asserts that this converted Mr. Lezin's detention from pre-removal to post-removal status, restarting the clock and rendering his habeas petition premature. (ECF No. 5.)

**DISCUSSION**

Mr. Lezin seeks release from immigration detention or a bond hearing before an IJ based on the length of his detention. (Pet., ECF No. 1.) Based on his prior convictions and the fact that he was originally issued a notice to appear for immigration proceedings when he was attempting to enter the country, ICE detained Mr. Lezin as an applicant for admission under 8 U.S.C. § 1225(b).[1] *See Tineo v. Ashcroft*, 350 F.3d 382, 388–96 (3d Cir. 2003).

---

[1] While Mr. Lezin *physically* reentered the country in August 2014, he was not *legally* admitted. Instead, he was essentially paroled into the country pending his immigration hearing. *See* 8 U.S.C. § 1101(a)(13); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Zheng v. Gonzales*, 422 F.3d 98, 117, 118 (3d Cir. 2005).

2

Detention of an applicant for admission pending a removal proceeding is practically mandatory. *See id.* at 387. Controlling statutes and regulations do not provide for bond hearings concerning persons detained under § 1225(b). *See* 8 C.F.R. §§ 235.3(c), 1003.19(h)(2)(i)(B).[2] The rights of a § 1225(b) detainee, however, are no longer relevant in this case. The BIA's dismissal of Mr. Lezin's appeal converted his detention from pre- to post-removal. *See id.* § 1241.1(a). This conversion renders moot any assessment of whether Mr. Lezin's detention warrants pre-removal habeas relief. *See Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Quezada v. Hendricks*, 821 F. Supp. 2d 702, 708 (D.N.J. 2011).

Post-removal immigration detention is governed by 8 U.S.C. § 1231, which creates a ninety-day removal period during which the government must detain aliens still awaiting removal.[3] 8 U.S.C. § 1231(a)(1)(A), (a)(2). Once the ninety-day removal period expires, the government may continue to detain, or may release on bond, aliens who are deportable based on various specified grounds, including conviction of controlled-substance offenses. *Id.* § 1231(a)(6); *see also* 8 U.S.C. § 1227(a)(2)(B); *Zadvydas v. Davis*, 533 U.S. 678, 688–89 (2001).

The Supreme Court of the United States, in *Zadvydas v. Davis*, 533 U.S. 678, found that § 1231 does not authorize indefinite post-removal-period detention. *Id.* at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* The Court further noted that six months would be a "presumptively reasonable" period of post-removal detention under § 1231. *Id.* at 701.

---

[2] The Court is aware that cases from this district have nonetheless recognized that due-process concerns may, under certain circumstances, justify bond hearings for § 1225(b) detainees. *See Damus v. Tsoukaris*, Civ. A. No. 16-933 (JLL), 2016 WL 4203816, at *2–4 (D.N.J. Aug. 8, 2016).

[3] In this case, the removal period began on the date the order of removal became final, i.e., August 15, 2017, when the BIA dismissed Mr. Lezin's appeal. *See* 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1(a).

3

As discussed above, Mr. Lezin entered the ninety-day removal period on August 15, 2017 when the BIA dismissed his appeal, thus finalizing his removal order. (*See* Letter from Bryan Lonegan (Sept. 1, 2017), Ex., ECF No. 5-1.) Accordingly, the ninety-day removal period, during which detention is mandatory, does not conclude until November 13, 2017. Mr. Lezin's post-removal detention is also still well within the six-month period found presumptively reasonable by the *Zadvydas* Court. Therefore, to the extent that Mr. Lezin might wish the Court to construe his petition as a challenge to his recently commenced post-removal detention, such a challenge would be premature. *See Rodney*, 340 F. App'x at 764–65; *Lemus Rivas v. Green*, Civ. A. No. 16-4195 (JMV), 2016 WL 8674267, at *2 (D.N.J. Dec. 2, 2016); *Mullings v. Aviles*, Civ. A. No. 13-4111 (JLL), 2014 WL 1234469, at *3 (D.N.J. Mar. 25, 2014). Mr. Lezin may, of course, reassert a claim challenging his post-removal detention should the government fail to effect his removal within a reasonable time.

### III. CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice. An appropriate order will be entered.

DATED: September 22, 2017

KEVIN MCNULTY
United States District Judge

4